IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MONICA RAVEN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO.  15-4146 |
| | : | |

### MEMORANDUM

**Padova, J.**                                                                 **March 8, 2017**

Plaintiff Monica Raven has filed a Second Amended Complaint ("SAC") against the City of Philadelphia, Francis Bielli, and Gwendolyn Bell, alleging claims for violation of her Fourteenth Amendment right to equal protection under 42 U.S.C. § 1983, as well as claims under Pennsylvania state law.  Defendants have moved to dismiss the SAC for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, we dismiss Counts I and II for failure to state a claim upon which relief may be granted, and decline to exercise supplemental jurisdiction over Counts III-V pursuant to 28 U.S.C. § 1367(c)(3).

## I.        BACKGROUND

The SAC alleges the following facts.  Monica Raven is an African-American woman who was hired as a police officer by the Philadelphia Police Department in June 1998.  (SAC ¶¶ 5, 10.)  While on duty on December 30, 2003, Raven injured her foot by stepping on a nail, which went through her work boot and into her foot.  (Id. ¶ 13.)  As a result of this injury, Raven developed Reflex Sympathetic Dystrophy Syndrome, a degenerative nerve disorder which rendered her unable to walk or stand.  (Id.)  Although there is no cure for Raven's disorder, she did undergo numerous surgeries, including one to implant a spinal cord stimulator that delivers electric impulses to the affected nerves.  (Id. ¶¶ 14-15.)

In May 2006, Raven was seen by the Medical Director for the City of Philadelphia, who determined that she was "disabled from the further performance of the duties of . . . her position and that such disability is likely to be [p]ermanent." (Id. ¶ 16, Ex. A.)[1]  Soon after she was declared permanently disabled, Raven was notified by an "Administrator from Law Enforcement Health Benefits, Inc., that she had been granted a Service Connected Disability" and was informed that "the City of Philadelphia [is] responsible for all medical services related to [her] 'on the job injury' for the rest of [her] life." (Id. ¶ 17, Ex. B (second and third alterations in original).)

Raven officially retired from her position as a Philadelphia Police Officer on November 18, 2006, one day after her pay status as a police officer was terminated. (Id. ¶ 19, Ex. D.) Raven subsequently applied for, and was awarded, a Service Connected Disability Pension, which she was told would be retroactive to her retirement date. (Id. ¶ 20, Ex. E.) On August 29, 2007, she completed forms indicating how she wished her untaxed contributions to the municipal retirement system should be distributed. (Id. ¶ 21, Ex. F.) Despite being approved for a Service Connected Disability Pension, Raven has never received any pension payments. (Id. ¶ 23.) She contacted the City of Philadelphia and the Board of Pensions and Retirement to inquire about her benefits, but her inquiries were unsuccessful. (Id. ¶ 24.) She retained counsel on February 24, 2015. (Id. ¶ 25.) Her attorney attempted to discover the status of her benefits by sending a letter to Bielli on February 27, 2015, but never received a response. (Id. ¶¶ 25-26, Ex. H.)

---

[1]This exhibit was one of several exhibits attached to the original Complaint, which are now part of the record in this case. We may rely on these exhibits despite the fact that they were not attached to the SAC. See AlliedBarton Sec. Servs., LLC v. Onyx on the Bay, Civ. A. No. 08-3583, 2009 WL 5102512, at *2 n.1 (E.D. Pa. Dec. 19, 2009) (considering exhibits attached to the original complaint in deciding a motion to dismiss).

On July 30, 2015, Raven filed a Complaint against the City of Philadelphia, Francis Bielli, the current Executive Director of the City of Philadelphia Board of Pensions and Retirement, and Gwendolyn Bell, the former Executive Director of the Board.  Defendants filed a Motion to Dismiss, which we granted in part and denied in part. See Raven v. City of Phila., Civ. A. No. 15-4146, 2016 WL 320574 (E.D. Pa. Jan. 26, 2016).  We subsequently permitted Raven to file the instant SAC.

Count I of the SAC asserts a claim pursuant to 42 U.S.C. § 1983 against Bielli and Bell for violation of Raven's Fourteenth Amendment right to equal protection.[2]  Count II asserts a § 1983 claim against the City of Philadelphia for violation of Raven's Fourteenth Amendment right to equal protection pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978).[3]  The SAC also asserts claims for promissory estoppel (Count III), conversion (Count IV), and fraud (Count V) pursuant to state law.[4]

---

[2]While the SAC purports to assert an equal protection claim against the City in Count I, it also asserts the same claim in Count II pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978).  Since we may consider a § 1983 claim asserted against a municipality only pursuant to Monell, we consider Raven's § 1983 claim against the City of Philadelphia only in connection with Count II.

[3]The SAC contains sporadic references to due process, but does not explicitly assert that Raven is alleging a § 1983 claim for violation of her Fourteenth Amendment right to procedural due process.  Raven explicitly asserted such a claim in her original Complaint.  We dismissed that claim for failure to allege a facially plausible § 1983 claim for violation of her Fourteenth Amendment right to procedural due process.  See Raven, 2016 WL 320574, at * 5.  Because the SAC does not specifically assert a § 1983 procedural due process claim or allege any facts that could serve to support such a claim, we do not construe the SAC as asserting a § 1983 claim for violation of Raven's Fourteenth Amendment right to procedural due process.

[4]The SAC also asserts another "Count V," which is solely a request for punitive damages.  Because punitive damages cannot serve as a stand-alone cause of action, we consider this second "Count V" only as part of Raven's request for relief, and as pertaining only to Bielli and Bell in their individual capacities, since municipalities are generally immune from awards for punitive damages.  See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 259-60 (1981); Smith v. Borough of Dunmore, 633 F.3d 176, 183 (3d Cir. 2011) (quoting Fact Concerts, 453 U.S. at 271).

## II.      LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).  We take the factual allegations of the complaint as true and "construe the complaint in the light most favorable to the plaintiff." DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)).  Legal conclusions, however, receive no deference, as the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "'a short and plain statement of the claim,'" which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2) and Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)).  "The plausibility standard is not akin to a 'probability requirement'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556), but it "'requires showing more than a sheer possibility that a defendant has acted unlawfully.'" Shahid v. Borough of Darby, Civ. A. No. 16-2542, 2016 WL 7413521, at *1 n.1 (3d Cir. Dec. 22, 2016)

(quoting Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011)).  In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'"  W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

## III.   DISCUSSION

### A.   The § 1983 Claims

Count I asserts a claim for violation of Raven's Fourteenth Amendment right to equal protection against Defendants Bielli and Bell in their personal capacities.  Count II asserts a claim for violation of Raven's Fourteenth Amendment right to equal protection against the City of Philadelphia, pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978).  Raven has brought her claims pursuant to 42 U.S.C. § 1983, which provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws.  It does not, by its own terms, create substantive rights."  Kaucher v. Cty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote and citation omitted).  To state a claim for relief under § 1983, "a plaintiff must demonstrate the defendant, acting under color of law, deprived him or her of a right secured by the Constitution or the laws of the United States."  Id. (citations omitted).

5

Counts I and II of the SAC allege that Bielli, Bell, and the City violated Raven's right to equal protection under the Fourteenth Amendment, which states, in pertinent part, that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  "[T]he Equal Protection Clause is implicated when the government makes class-based decisions in the employment context, treating distinct groups of individuals categorically differently."  Engquist v. Oregon Dep't of Agric., 553 U.S. 591, 605 (2008) (citations omitted).  To state a § 1983 claim based on an equal protection violation, a complaint must allege that the plaintiff "received different treatment [from] other similarly situated persons and that the disparate treatment was based on her protected class status."  Kasper v. Cty. of Bucks, 514 F. App'x 210, 214 (3d Cir. 2013) (citing Andrews v. City of Phila., 895 F.2d 1469, 1478 (3d Cir. 1990)).  Thus, to survive a motion to dismiss, the complaint must allege facts that would establish that the plaintiff is "(1) a member of a protected class; (2) similarly situated to members of an unprotected class; and (3) treated differently from members of the unprotected class."  Green v. Chester Upland Sch. Dist., 89 F. Supp. 3d 682, 693 (E.D. Pa. 2015), aff'd sub nom. A.G. v. Chester Upland Sch. Dist., 655 F. App'x 125 (3d Cir. 2016) (citations omitted). Moreover, the complaint must allege "'the existence of purposeful discrimination.'"  Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 273 (3d Cir. 2014) (quoting Andrews, 895 F.2d at 1478); see also Espinoza v. Lindsay, 500 F. App'x 123, 125 (3d Cir. 2012) (dismissing an equal protection claim because the facts alleged did not "give rise to a plausible inference that the denial . . . was the result of purposeful discrimination" (citing Iqbal, 556 U.S. at 680-82)).

Defendants argue that Counts I and II of the SAC should be dismissed because the SAC does not allege any facts that, if true, would establish the second and third elements of an equal protection claim.  Specifically, Defendants argue that the SAC fails to identify any similarly

situated employees outside of Raven's protected class, who were treated differently than Raven in connection with the payment of their Service Connected Disability Pensions.  Defendants further argue that the SAC fails to allege that Plaintiff was treated differently because she is African-American.

The SAC alleges that Raven is an African-American.  (SAC ¶ 5.)  It further alleges that the City of Philadelphia Board of Pensions and Retirement had a policy of failing to adequately monitor, administer, and investigate pension accounts, which was limited to African-American pensioners.  (Id. ¶ 40.)  The SAC also alleges that the City of Philadelphia did not "refus[e] to pay the service connected disability pensions of eligible white police officers, or otherwise reneg[e] on satisfying the service connected disability pensions [of white officers]."  (Id. ¶ 42.) It also specifically states that the City's policies disparately treated and disparately impacted African-American police officers.  (Id. ¶ 52.)

However, these allegations regarding the disparate treatment of African-American police officers amount to no more than boilerplate language, which cannot pass muster under Iqbal's plausibility standard.  See 556 U.S. at 678 (noting that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" (citing Twombley, 550 U.S. at 555)); see also Park v. Temple Univ., Civ. A. No. 16-5025, 2017 WL 368087, at *4 (E.D. Pa. Jan. 25, 2017) (dismissing an equal protection claim because the allegations that "similarly situated individuals of a non-protected class exist and receive different treatment" were "little more than bare recitals of legal elements" (citing Iqbal, 556 U.S. at 686)).  The SAC's general assertion that the Board of Pensions and Retirement did not subject similarly situated white police officers to the same treatment as Raven with regard to their Service Connected Disability Pensions is a "conclusory statement," which cannot withstand a motion to dismiss.  Boseman v.

Upper Providence Twp., Civ. A. No. 16-1338, 2017 WL 758480, at *2 (3d Cir. Feb. 27, 2017)

("We will reject 'legal conclusions and recitals of the elements of a cause of action supported by

mere conclusory statements.'" (quoting Connelly v. Lane Const. Corp., 809 F.3d 780, 786 n.2

(3d Cir. 2016))).

　　　Thus, we find that the SAC fails to plausibly allege the second and third elements of an

equal protection claim.  Consequently, we grant Defendants' Motion to Dismiss as to Count I,

which asserts a § 1983 claim for violation of Raven's Fourteenth Amendment right to equal

protection against Bielli and Bell.[5]  We also grant Defendants' Motion to Dismiss as to Count II,

---

　　　[5]Alternatively, we note that even if the SAC alleged a facially plausible equal protection
claim, we would nonetheless dismiss Count I as against Bielli and Bell, because the SAC fails to
allege that they were personally involved in the violation of Raven's Fourteenth Amendment
right to equal protection.  "'A[n individual government] defendant in a civil rights action must
have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on
the operation of respondeat superior.  Personal involvement can be shown through allegations of
personal direction or of actual knowledge and acquiescence.'" Evancho v. Fisher, 423 F.3d 344,
353 (3d Cir. 2005) (alteration in original) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207
(3d Cir. 1988)).  However, allegations of personal involvement "must be made with appropriate
particularity." Rode, 845 F.2d at 1207; see also Solan v. Ranck, 326 F. App'x 97, 101 (3d Cir.
2009) ("to satisfy the 'personal involvement' requirement, a § 1983 complaint need only allege
the conduct, time, place, and person responsible." (quoting and citing Evancho, 423 F.3d at
353)); Bush v. Dep't of Human Servs., 614 F. App'x 616, 620 (3d Cir. 2015) (affirming
dismissal of § 1983 complaint against city officials where the only allegation of personal
involvement was that officials "were all directly involved in violating [plaintiff's] 14th
Amendment rights").
　　　The SAC alleges that Bielli and Bell "refus[ed] to respond to Raven's complaints about
not receiving payments from her pension," failed to investigate Raven's Service Connected
Disability Pension claim after being informed that she had not received payments, failed to take
"prompt and effective steps to . . . rectify the situation," and acted in "willful, reckless, and
callous disregard of Plaintiff[']s rights."  (SAC. ¶¶ 27, 47, 50.)  However, the SAC does not
allege if and when Bell was informed that Raven had not received her pension, or the manner in
which Bell was informed about Raven's pension.  An allegation of personal involvement
requires more than simply a Defendant's name and a bare legal recitation of the constitutional
violation. See Solan, 326 F. App'x at 101; Evancho, 423 F.3d at 354.  Furthermore, although the
SAC alleges that Bielli received a letter from Raven's counsel that detailed the events
surrounding the City's failure to pay Raven's Service Connected Disability Pension, mere
notification that Raven had been deprived of a pension alleged to have been wrongfully
withheld, does not plausibly allege personal involvement in a constitutional deprivation.

which alleges a Monell claim against the City based on the same alleged violation of Raven's right to equal protection, because a municipality cannot be liable under § 1983 in the absence of a violation of the plaintiff's constitutional rights.   See, e.g., Grazier ex rel. White v. City of Philadelphia, 328 F.3d 120, 124 (3d Cir. 2003) ("There cannot be an 'award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm.'" (quoting City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986))).[6]   Accordingly, we grant Defendants' Motion to Dismiss as to Counts I and II of the SAC.

---

Accordingly, the SAC has not asserted factual allegations with the requisite "particularity" to assert personal involvement by either Bell or Bielli.   See Rode, 845 F.2d at 1207.

   [6]Even if the SAC alleged a facially plausible § 1983 claim for violation of Raven's Fourteenth Amendment right to equal protection, we would dismiss Count II as against the City for failure to sufficiently allege all of the elements of a Monell claim.  A municipality may only be liable pursuant to § 1983 if the plaintiff's constitutional deprivation was caused by an official policy or custom of the municipality . . . ."  Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978); Bd. of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 399, 403 (1997); City of Canton v. Harris, 489 U.S. 378, 381 (1989); Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003) (quoting Brown, 520 U.S. at 404).   To allege a facially plausible Monell claim, a complaint must allege that the municipal entity maintained the policy or custom with "deliberate indifference" to the constitutional deprivations that the policy or custom caused.  City of Canton, 489 U.S. at 389; Beck v. City of Pittsburgh, 89 F.3d 966, 972 (3d Cir. 1996).   To allege deliberate indifference a complaint must allege facts that would establish that policymakers knew that similar constitutional deprivations had previously occurred and were aware of ways to prevent them, "'but either deliberately chose not to pursue these alternatives or acquiesced in a long-standing policy or custom of inaction in this regard.'"   Beck, 89 F.3d at 972 (quoting Simmons v. City of Phila., 947 F.2d 1042, 1059 (3d Cir. 1991)).
   The SAC alleges that the City, acting through the Board of Pensions and Retirement, violated Raven's Fourteenth Amendment right to equal protection by "develop[ing], implement[ing], enforc[ing], encourage[ing] and sanction[ing] de facto policies and/or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights," which included the City's "failure to adequately and properly monitor the administration of pension accounts and investigat[ion of] the legitimate complaints of civil service pensioners."   (SAC. ¶¶ 30, 32.) These factual allegations do not differ in any material respect from those contained in the original Complaint, which failed to sufficiently allege facts "describing the relevant policies or customs of the City of Philadelphia, how those policies or customs caused Raven's constitutional injury, or what other instances of misconduct put the policymakers on notice of previous

B.     The State Law Claims

The only claims remaining in the SAC are asserted under state law:  promissory estoppel (Count III), conversion (Count IV), and fraud (Count V).  "[A] district court may exercise supplemental jurisdiction where state-law claims share a 'common nucleus of operative fact'" with a plaintiff's federal claims.  De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3d Cir. 2003) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966) (additional citations omitted)).  However, a court may decline to exercise supplemental jurisdiction over a state law claim when all of the claims over which it had original jurisdiction have been dismissed.  See 28 U.S.C. § 1367(c)(3).  Since this Court does not have original jurisdiction over these three state law claims, we decline to exercise supplemental jurisdiction over these claims and grant Defendants' Motion to Dismiss as to Counts III, IV, and V.[7]

IV.     CONCLUSION

For the foregoing reasons, we grant Defendants' Motion to Dismiss.  Specifically, we grant the Motion to Dismiss Defendants Bell, Bielli, and the City of Philadelphia with regard to Counts I and II, because the SAC fails to allege facts that, if true, would establish the elements of a Fourteenth Amendment equal protection claim under § 1983.  We also decline to exercise supplemental jurisdiction over Counts III-V and grant the Motion as to those claims.

---

constitutional violations."  Raven v. City of Phila., Civ. A. No. 15-4146, 2016 WL 320574, at *7 (E.D. Pa. Jan. 26, 2016).  Thus, we conclude that the SAC fails to plausibly allege that the claimed deprivations of Raven's constitutional rights under the Fourteenth Amendment were caused by an official policy or custom of the City of Philadelphia.

[7]Our dismissal of these claims is without prejudice to these claims being filed in state court pursuant to the supplemental jurisdiction statute:

> The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

28 U.S.C. § 1367(d).

Although Raven has not sought leave to file another amended complaint, "in civil rights cases district courts must offer amendment – irrespective of whether it is requested – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); see also Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("[I]f a complaint is vulnerable to a 12(b)(6) dismissal, a District Court must permit a curative amendment unless an amendment would be inequitable or futile." (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002))).  However, "'a court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them.'"  Kundratic v. Thomas, 407 F. App'x 625, 630 (3d Cir. 2011) (quoting Krantz v. Prudential Invs. Fund Mgmt. LLC, 305 F.3d 140, 144 (3d Cir. 2002)).  In this case, Raven has been granted two opportunities to amend her complaint, but has failed to cure the deficiencies identified in her original complaint.  Thus, we believe that granting Raven leave to file a third amended Complaint would be futile.  Accordingly, we decline to grant Raven leave to amend the SAC.  An appropriate order follows.

BY THE COURT:

/s/ John R. Padova, J.
John R. Padova, J.

11